**UNITED STATES of America,
Appellee,**

v.

**Armando C. SANTOS, Appellant.
No. 300, Docket 30441.**

United States Court of Appeals
Second Circuit.

Argued Jan. 12, 1967.

Decided Jan. 30, 1967.

Jack Kaplan, Asst. U. S. Atty., Robert M. Morgenthau, U. S. Atty., Michael F. Armstrong, Asst. U. S. Atty., for appellee.

Irving Younger, New York City, for appellant.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

This is an appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York on April 22, 1965 after a two-day trial before the Honorable Thomas F. Murphy and a jury.

The indictment upon which appellant was tried was filed May 23, 1962. In it he and two others, John Burgos and Mario Reveron, were charged with having violated 18 U.S.C. § 111 [1] in that they on May 7, 1962 assaulted a federal officer, an agent of the Bureau of Narcotics, with a deadly weapon.[2]

Appellant was arrested in Philadelphia on June 15, 1962. When apprehended he was possessing heroin, was promptly arraigned on a state narcotics charge, was convicted thereon on August 14, 1962, and was sentenced to a term of 2½ to 5 years imprisonment. On December 15, 1964, appellant was released from

1. 18 U.S.C. § 111 reads:
"§ 111. Assaulting, resisting, or impeding certain officers or employees

Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

2. The indictment contained two counts. The second count alleged that appellant had conspired with Burgos and Reveron to make the assault, in violation of 18 U.S.C. § 371. This count was dismissed at the close of the Government's case, and does not concern us upon appeal.

the Pennsylvania prison, was arrested to answer to the federal May 23, 1962 indictment, was removed to the Southern District of New York, and was first tried on the assault charge on March 10, 1965. The jury disagreeing, he was promptly retried. The second jury returned a verdict of guilty on April 1, 1965, and the judgment of conviction from which the within appeal is taken was entered April 22, 1965.

Appellant presents two issues for our consideration. He maintains first that his motion pursuant to Fed.R.Crim.P. 48(b), made before trial and renewed at and after trial, to dismiss the indictment, should have been granted, it being his claim that the Government delayed unnecessarily in bringing him to trial. Second, he maintains that the case should be remanded for a new trial in that it was improper and prejudicial to exclude from evidence a sworn affidavit to an officer's complaint by a narcotics agent, agent Edward R. Dower, who had witnessed the assault, in which agent Dower named another than appellant as one of the three assailants, and which sworn affidavit defendant offered at trial during the defense case as an admission against the Government. We find no merit to either contention and affirm the conviction below.

A brief statement of the events that occurred between defendant's arrest on June 15, 1962 and his release from the Pennsylvania State Prison on December 15, 1964 suffices to demonstrate the lack of substance to appellant's claim that there had been an unreasonable and oppressive delay in bringing him to trial. Throughout this entire period appellant was in the custody of the State of Pennsylvania and he could only have been brought to New York by a writ of *habeas corpus ad prosequendum*, and the cooperation of two sets of law enforcement officers. On the day of his arrest, June 15, 1962, appellant told the officers he wanted to plead guilty to the assault. In an effort to dispose of the case quickly the Philadelphia Defender Association was approached, two weeks after the ar-

rest, by the United States Attorney in Philadelphia, to get in touch with Santos and report whether he would plead to the New York federal indictment in Philadelphia, pursuant to the procedure set forth in Rule 20, Fed.R.Crim.P.

On July 9 the Defender informed the Philadelphia United States Attorney that "the defendant did not desire to plead guilty and requests to be returned to New York to be tried there." July 9, 1962 was the day that the trial of Burgos and Reveron commenced. After they had been convicted and sentenced on the assault charge and Santos had been convicted and sentenced on the State charge Santos decided on October 3 against a plea and denied his guilt. Except for the statement of the Defender to the United States Attorney (which was never brought to the attention of any of the three Southern District judges that denied motions to dismiss the indictment until shown to Judge Murphy at sentence) the appellant never commented that he wished a trial, and though represented by the Defender never moved for one.

■■ The two year delay in starting defendant's trial, while the defendant was serving a sentence beyond the borders of New York State, was followed with a prompt trial after the termination of that sentence and the return of the defendant to New York. Surely this does not support a claim that defendant has been deprived of the protection of the Sixth Amendment. And, in any event, when Santos was tried he made no effort to call eyewitnesses Burgos or Reveron, who were in federal custody (see United States v. Burgos, 2 Cir., 328 F.2d 109 (1964)) and available to be called, and where the best witnesses on the issue of whether he or someone else was the third assailant. And, as we have stated earlier, "We think it clear that a request addressed to the prosecution is not sufficient" to satisfy the requirement of a demand for a speedy trial. United States v. Lustman, 258 F.2d 475, 478 (2 Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958).

■ The second claim of reversible error may be shortly answered by stating that inconsistent out-of-court statements or actions of a government agent said or done in the course of his employment take on quite a different probative character in a government criminal case from that which inconsistent out-of-court acts of agents acting within the scope of their employment generally take on at a trial. Though a government prosecution is an exemplification of the adversary process, nevertheless, when the Government prosecutes, it prosecutes on behalf of all the people of the United States; therefore all persons, whether law enforcement agents, government investigators, complaining prosecuting witnesses, or the like, who testify on behalf of the prosecution, and who, because of an employment relation or other personal interest in the outcome of the prosecution, may happen to be inseparably connected with the government side of the adversary process, stand in relation to the United States and in relation to the defendant no differently from persons unconnected with the effective development of or furtherance of the success of, the prosecution.

■ Therefore, the inconsistent out-of-court statements of a government agent made in the course of the exercise of his authority and within the scope of that authority, which statements would be admissions binding upon an agent's principal in civil cases, are not so admissible here as "evidence of the fact."

To be sure, if the defense had adopted different trial tactics and had confronted Dower with this statement of his when cross-examining him the statement would have been admissible as evidence tending to impeach his credibility. This course the defendant elected not to adopt. The course defendant did adopt would have been successful if it had been attempted other than in a criminal prosecution. This limitation upon the use the defendant may make of a government agent's out-of-court inconsistent statement seems grossly unfair to defendants, for the prosecution may introduce against the defendant similar damaging statements by defendants' agents if made in the course of the exercise of the agent's authority and within the scope thereof and the agents' admissions have the same testimonial value as if the inconsistent statements had been made by the defendant himself. As was said by Justice Story in United States v. Gooding, 12 Wheaton 460 (1827) at page 469, 6 L.Ed. 693:

In general, the rules of evidence in criminal and civil cases are the same. Whatever the agent does, within the scope of his authority, binds his principal, and is deemed his act. It must, indeed, be shown that the agent has the authority, and that the act is within its scope; but these being conceded or proved, either by the course of business or by express authorization, the same conclusion arises, in point of law, in both cases. Nor is there any authority for confining the rule to civil cases. On the contrary, it is the known and familiar principle of criminal jurisprudence, that he who commands or procures a crime to be done, if it is done, is guilty of the crime, and the act is his act.

And see Goldsmith v. United States, 42 F.2d 133, 139 (2 Cir.), cert. denied, 282 U.S. 837, 51 S.Ct. 26, 75 L.Ed. 743 (1930); United States v. Campisi, 248 F.2d 102, 105 (2 Cir.), cert. denied, 355 U.S. 892, 78 S.Ct. 266, 2 L.Ed.2d 191 (1957).

■ This apparent discrimination is explained by the peculiar posture of the parties in a criminal prosecution—the only party on the government side being the Government itself whose many agents and actors are supposedly uninterested personally in the outcome of the trial and are historically unable to bind the sovereign. Apparently recognizing the seeming unfairness of this peculiar relationship Congress by enacting 18 U.S.C. § 3500 has made it a requirement that the prosecution turn over to the defense any inconsistent statements of government witnesses relating to the testimony given by those witnesses at trial so that

the defense upon cross-examination can interrogate the witnesses about the inconsistent statements. But these statements are not admissible against the Government as evidentiary proof of the matter therein stated.

Judgment affirmed.