Bergan and Keating, JJ.
(dissenting). Two months after a warrant for the arrest of the defendant was issued, he was incarcerated in Kilby State Prison, Alabama, as a parole violator, following a conviction for burglary. He remained in prison in Alabama five years four months. After being returned to New York, pursuant to a detainer warrant, he made this motion to be discharged three months later.
Four years and nine months after the alleged crimes were committed, and well within the statutory period, defendant was indicted. Defendant during that time took no step to bring his case to trial for the reason that he was in jail in Alabama. The delay in prosecution up to this point is no ground for dismissal of this indictment under the well-settled law of New York (People v. Saccenti, 14 N Y 2d 1, cert. den. 379 U. S. 854; cf. United States v. Santos, 372 F. 2d 177). The question is whether the additional delay in prosecution of nine months until the defendant was returned to New York violated defendant’s constitutional rights. During this entire time defendant was in jail in Alabama.
Defendant contends the District Attorney should have appealed to the Governor of New York to solicit the aid of the Governor of Alabama in having defendant returned to New York for trial, but this seems singularly unrealistic and certainly no ground for dismissing this indictment. We would affirm.
Chief Judge Fuld and Judges Van Voorhis, Burke and Scileppi concur with Judge Breitel; Judges Bergan and Keating dissent and vote to affirm in a memorandum.
Order reversed and indictment dismissed.