**UNITED STATES of America,**
**Appellee,**

v.

**Fuat YILDIZ, also known as Frankie, also known as Frank LNU, Defendant–Appellant.**

**No. 02–1572.**

United States Court of Appeals, Second Circuit.

Argued: Dec. 10, 2003.

Decided: Jan. 8, 2004.

Michael A. Levy, Assistant United States Attorney (Michael G. McGovern & James G. Cavoli, Assistant United States Attorneys, of counsel), for James B. Comey, United States Attorney for the Southern District of New York, for Appellee.

Robert Y. Lewis, Freeman & Lewis LLP, New York, NY, for Defendant–Appellant.

Before: OAKES, NEWMAN, and KATZMANN, Circuit Judges.

PER CURIAM.

Fuat Yildiz here appeals his conviction for violating the Hobbs Act, 18 U.S.C. § 1951 (1994). The majority of Yildiz's arguments are addressed in a contemporaneous summary order. We write separately, however, to affirm the common law rule that a government agent's out-of-court statements are not admissible for their truth in a criminal prosecution as admissions by a party opponent. *See United States v. Santos*, 372 F.2d 177, 180–81 (2d Cir.1967).

## BACKGROUND

Yildiz was convicted of conspiring to rob jewelry merchants in New Jersey with members of what he calls the "Russian Mafia." A substantial part of the evidence at trial consisted of conversations among Yildiz, his co-defendants, and a government informant, which conversations the informant recorded and the government introduced at trial as proof of the conspiracy and Yildiz's participation in it. One of the conversations involved several of the co-conspirators but not Yildiz. When the informant left that meeting to speak with law enforcement agents working on the case, the following was recorded:

AGENT: [Unintelligible.]

INFORMANT: Everything good, Mario . . . everything . . .

MARIO: Everybody showed up.

INFORMANT: Yeah, everybody, everybody talk.

AGENT: Still work, huh? Huh, man?

At trial, Yildiz argued that the informant's statement was exculpatory because Yildiz was not at that particular meeting: If "everybody" meant everybody in the conspiracy, and if "everybody" was at the meeting, then because Yildiz was not at the meeting, he was not part of the conspiracy. The district court refused to admit the statement as an admission by a party opponent, finding that the informant could not bind the government as its agent, and Yildiz appeals that ruling.

## DISCUSSION

Prior to the adoption of the Federal Rules of Evidence, we held that "the inconsistent out-of-court statements of a government agent made in the course of the exercise of his authority and within the scope of that authority . . . are not . . . admissible . . . as 'evidence of [a] fact.' " *Santos*, 372 F.2d at 180. We rationalized this "apparent discrimination" against the defendant (who is bound by *his* agent's out-of-court statements) by noting the "peculiar posture of the parties in a criminal prosecution": "the only party on the government side being the Government itself whose many agents and actors are supposedly uninterested personally in the outcome of the trial and are historically unable to bind the sovereign." *Id.* Other circuits recognized this was the common law rule. *See United States v. Pandilidis*, 524 F.2d 644, 650 (6th Cir.1975); *United States v. Powers*, 467 F.2d 1089, 1095 (7th Cir.1972).

The Federal Rules of Evidence, however, admit of no such exception:

> A statement is not hearsay if—. . . [t]he statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .

Fed.R.Evid. 801(d)(2). No distinction is made between the civil and criminal context, the government and other parties, or the government's attorneys and its other law enforcement agents.

Most courts continue to follow *Santos*. *See, e.g., United States v. Prevatte*, 16 F.3d 767, 779 n. 9 (7th Cir.1994); *United States v. Kampiles*, 609 F.2d 1233, 1246 (7th Cir. 1979); *United States v. Finley*, 708 F.Supp. 906, 910 (N.D.Ill.1989); *United States v. Durrani*, 659 F.Supp. 1183, 1185 (D.Conn.), *aff'd*, 835 F.2d 410, 425–26 (2d Cir.1987). *But see United States v. Branham*, 97 F.3d 835, 850–51 (6th Cir.1996). Nevertheless, we write to reaffirm its holding in light of legal developments that have led some courts and commentators to question its validity. *See, e.g., United States v. Morgan*, 581 F.2d 933, 938 & n. 15 (D.C.Cir.1978); 30B Michael H. Gra-

ham, *Federal Practice and Procedure: Evidence* § 7023, at 221 n. 11 (2000).

This Court has recognized that the government's attorneys can bind the government with their in-court statements, *see United States v. Salerno,* 937 F.2d 797, 810–12 (2d Cir.1991), *rev'd on other grounds,* 505 U.S. 317, 112 S.Ct. 2503, 120 L.Ed.2d 255 (1992), and filings, *see United States v. GAF Corp.,* 928 F.2d 1253, 1258–62 (2d Cir.1991). These cases are consistent with Rule 801(d)(2)(B), which provides that a statement of which a party "has manifested an adoption or belief in its truth" is not hearsay, and with authority that has applied that provision against the government in criminal cases, *see United States v. Kattar,* 840 F.2d 118, 130–31 (1st Cir.1988); *Morgan,* 581 F.2d at 938 & n. 15.

There is good reason, however, to distinguish sworn statements submitted to a judicial officer, which the government might be said to have adopted, and those that are not submitted to a court and, consequently, not adopted, for example, statements contained in an arrest warrant, *see United States v. Warren,* 42 F.3d 647, 655–56 (D.C.Cir.1994), and an informant's remarks. Like the Third Circuit, "[w]e do not believe that the authors of Rule 801(d)(2)(D) intended statements by informers as a general matter to fall under the rule, given their tenuous relationship with the police officers with whom they work." *Lippay v. Christos,* 996 F.2d 1490, 1499 (3d Cir.1993).

The 1972 Advisory Committee Notes to Rule 801(d)(2)(D) indicate that the Rule was motivated by "[d]issatisfaction" with the traditional rule that an agent's admission would only be admissible if made "in the scope of his employment," since "few principals employ agents for the purpose of making damaging statements." As "[t]he Notes disclose a purpose to adhere

to the common law in the application of evidentiary principles, absent express provisions to the contrary," *Tome v. United States,* 513 U.S. 150, 160–61, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995) (plurality opinion); *see also United States v. Abel,* 469 U.S. 45, 50, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984), we hold that Rule 801(d)(2)(D) does not abrogate the common law rule articulated in *Santos.* And we hold, following *Santos,* that the out-of-court statements of a government informant are not admissible in a criminal trial pursuant to Rule 801(d)(2)(D) as admissions by the agent of a party opponent.

### CONCLUSION

Accordingly, for the foregoing reasons, the evidentiary ruling of the district court is **AFFIRMED.**