14-3988-cr
United States v. Michael Moore

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fifteen.

PRESENT:  ROBERT D. SACK,
                    RAYMOND J. LOHIER, JR.,
                    SUSAN L. CARNEY,
                            *Circuit Judges.*
------------------------------------------------------------------
UNITED STATES OF AMERICA,

                                        *Appellee,*

                        v.                                        No. 14-3988-cr

MICHAEL MOORE,

                                *Defendant-Appellant.**

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the case caption as set forth above.

FOR APPELLEE: TALI FARHADIAN, Assistant United States Attorney (Emily Berger, Nadia Shihata, Assistant United States Attorneys *on the brief*), *for* Kelly T. Currie, Acting United States Attorney, Eastern District of New York, Brooklyn, NY

FOR DEFENDANT-APPELLANT: SAM A. SCHMIDT, Law Office of Sam A. Schmidt, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Michael Moore appeals an October 17, 2014 judgment of the District Court (Amon, C.J.) convicting him, after a jury trial, of one count of conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), and three substantive counts of distributing and possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(iii) and 841(b)(1)(C). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Relying in part on United States v. Yildiz, 355 F.3d 80 (2d Cir. 2004), Moore first contends that the District Court at trial should have admitted proffer statements made by a non-testifying cooperating witness, Donald Lewis, as statements by a party-opponent pursuant to Rule 801(d)(2)(B) of the Federal Rules of Evidence. We conclude that the District Court properly rejected Moore's argument that the Lewis proffer statements should be admitted because the Government had "adopted" them by signing a cooperation agreement with Lewis. See Yildiz, 355 F.3d at 82 ("This Court has recognized that the government's attorneys can bind the government with their in-court statements," which is "consistent with Rule 801(d)(2)(B)" (emphases added)).

Moore next argues that the Government violated its Brady obligations by failing to timely disclose another pretrial statement made by Lewis to federal agents. Evidence is material for Brady purposes "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Persico, 645 F.3d 85, 111 (2d Cir. 2011) (quotation marks omitted). Moore does not even argue that such a reasonable probability existed, and in any event he declined the

3

opportunity to call Lewis as a witness both before and after the Government disclosed the statement. See Payne v. LeFevre, 825 F.2d 702, 707 (2d Cir. 1987).

We also reject Moore's argument that Count Two of the indictment was impermissibly duplicitous because it included multiple discrete drug sales to testifying witness Roland Dowe as part of the same substantive charge. "An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be a separate count for each offense, and 2) the defendant is prejudiced thereby." United States v. Sturdivant, 244 F.3d 71, 75 (2d Cir. 2001) (quotation marks omitted). "[A]cts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." United States v. Tutino, 883 F.2d 1125, 1141 (2d Cir. 1989). There was sufficient evidence that the discrete drug sales were part of a single continuing scheme of drug sales between Moore and Dowe, and any potential prejudice to Moore was cured by the District Court's instruction to the jury that its findings as to drug quantity must be unanimous.

4

We have considered all of Moore's remaining arguments, including his challenge to the jury charge relating to drug quantity and type, and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court