20-3697-cr
*United States v. Behiry*

<div align="center">

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

</div>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
            EUNICE C. LEE,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                20-3697-cr

        v.

HATEM BEHIRY,

        *Defendant-Appellant,*

MUSTAK Y. VAID, PAUL J. MATHIEU, EWALD J. ANTOINE, MARINA BURMAN, ASHER OLEG KATAEV, AKA OLEG KATAEV, ALLA TSIRLIN, LINA ZHITNIK, EDUARD MISELEVICH, IVAN VOYCHAK,

        *Defendants.*

---

FOR APPELLEE:                STEPHEN J. RITCHIN, Assistant United
                            States Attorney (Timothy V. Capozzi,
                            David Raymond Lewis, Thomas McKay,
                            Assistant United States Attorneys, *on the*

<div align="center">1</div>

*brief*), *for* Audrey Strauss, United States Attorney, Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**          JEFFREY CHABROWE, The Law Office of Jeffrey Chabrowe, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Hatem Behiry appeals from a judgment of conviction, following a jury trial, of (1) conspiracy to commit health care fraud, mail fraud, and wire fraud, in violation of 18 U.S.C. § 1349; (2) health care fraud, in violation of 18 U.S.C. § 1347; (3) mail fraud, in violation of 18 U.S.C. § 1341; (4) wire fraud, in violation of 18 U.S.C. § 1343; and (5) conspiracy to make false statements, in violation of 18 U.S.C. § 371.  Behiry argues that he should have been permitted to cross-examine an FBI agent about debriefing statements made by an informant—who died before trial—to cast doubt on the reliability of video footage gathered by the informant and introduced by the Government at trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court properly excluded this testimony as hearsay.  *See* Fed. R. Evid. 802.  First, it was not admissible as an "admission[ ] by the agent of a party opponent" because we have held that such "out-of-court statements of a government informant are not admissible in a criminal trial pursuant to Rule 801(d)(2)(D)." *United States v. Yildiz*, 355 F.3d 80, 82 (2d Cir. 2004); *see* Fed. R. Evid. 801(d)(2)(D).  Second, we held regarding the then-effective "residual exception" that it could "be utilized only if notice of an intention to rely upon it is given in advance of trial," which Behiry did not provide. *United States v. Ruffin*, 575 F.2d 346, 358 (2d Cir. 1978); *see United States v. Oates*, 560 F.2d 45, 73 n.30 (2d Cir. 1977) (noting that "Congress intended that the requirement of advance notice be rigidly enforced."); Fed. R. Evid. 807(b) (2019).

The Rules underlying these decisions are not "arbitrary or disproportionate to the purposes they are designed to serve." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (citation and internal quotation marks omitted).  "Out-of-court statements are traditionally excluded because they lack . . . conventional indicia of reliability . . . ." *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973).  The Rules except an opposing party's statement offered against the declarant because "the adversary process . . . leaves each party to bear the consequences of its own acts." *United States v. McKeon*, 738 F.2d 26, 32 (2d Cir. 1984).  But "statements by informers" do not "fall under the rule, given [informers'] tenuous relationship with the police officers with whom they work." *Yildiz*, 355 F.3d at 82 (internal

quotation marks omitted).  And the pre-trial notice requirement of the former Rule 807 "prevent[ed] abuse" and served as a procedural check on the "possible overbreadth" of the residual exception. *Oates*, 560 F.2d at 73 n.30.  Thus, the district court excluded this testimony pursuant to "reasonable restrictions," which did not interfere with Behiry's "meaningful opportunity to present a complete defense."  *United States v. Al Kassar*, 660 F.3d 108, 122–23 (2d Cir. 2011) (citations omitted).

Finally, even if these Rules are constitutionally unsound, Behiry—who did not raise his constitutional objection at trial—has not "met [his] burden of showing prejudice under Rule 52(b)." *United States v. Olano*, 507 U.S. 725, 734 (1993) (describing review for plain error under Fed. R. Crim. P. 52(b)).  The Government's cooperator testified to the brevity of Behiry's typical evaluations, his insistence that patients stay at the office longer than 10 to 15 minutes in case someone was monitoring them, and his practice of calling therapists to sign medical charts—including for patients they had not seen—to avoid having a single therapist sign more than 20 charts.  In light of this testimony, Behiry has not demonstrated that the testimony at issue would have created reasonable doubt to overcome the evidence against him, which the district court described as "overwhelming, even without the consultation shown on the video."  Gov't's Br. 44.

We have reviewed all of the arguments raised by Behiry on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 6, 2020, judgment of the District Court.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>