826 F.2d 1065
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee SAMMONS, Defendant-Appellant
 No. 86-5913
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1987.
 
 ORDER
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 
 
 1
 This pro se appellant seeks review of an order of the district court which denied his motion in arrest of judgment pursuant to Rule 34, Federal Rules of Criminal Procedure, and his motion to reduce sentence pursuant to Rule 35(b), Federal Rules of Criminal Procedure. Upon consideration of the record and the briefs submitted by the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On January 17, 1986, appellant pleaded guilty to a charge of interstate and foreign travel in aid of racketeering enterprises in violation of 18 U.S.C. Sec. 1952(a) in the district court for the Eastern District of Tennessee. As punishment, he was accorded a sentence of three years' imprisonment to be served concurrently with an earlier sentence imposed in consequence of his conviction in the district court for the Southern District of Texas for fourteen other drug-related offenses. Shortly thereafter, appellant filed a motion in arrest of judgment pursuant to Rule 34, Federal Rules of Criminal Procedure, in which he challenged the sufficiency of the indictment which had led to his most recent conviction. Additionally, appellant also filed a motion to reduce sentence pursuant to Rule 35(b), Federal Rules of Criminal Procedure. By order entered July 17, 1986, however, the district court denied both those motions and appellant subsequently filed this appeal.
 
 
 3
 The district court did not err in denying either appellant's motion in arrest of judgment or his motion to reduce sentence. In regard to the first of those requests, appellant is not entitled to relief as he seeks to challenge the sufficiency of the indictment which resulted in his conviction. Such matters, however, must be initially raised in the context of a pretrial motion, with the failure to do so resulting in the waiver of any later review of the issue. Rule 12(b) & (f), Federal Rules of Criminal Procedure, United States v. Pandilidis, 524 F.2d 644 (6th Cir.), cert. denied, 424 U.S. 933 (1975). Review of the record discloses that appellant did not comply with that rule and therefore may not attack the sufficiency of the indictment by means of a motion in arrest of judgment.
 
 
 4
 Likewise, the district court did not err in denying appellant's motion to reduce sentence pursuant to Rule 35(b), Federal Rules of Criminal Procedure. On appeal this court will not disturb a district court's disposition of such matters absent a showing that its action constituted an abuse of discretion. United States v. Brummett, 786 F.2d 760 (6th Cir. 1986). There has been no abuse of that discretion in this case.
 
 
 5
 Accordingly, the final order of the district court entered July 17, 1986, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.