875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward E. ROMP, Defendant-Appellant.
 No. 88-3354.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JEROME TURNER, District Judge.*
 
 ORDER
 
 2
 Edward E. Romp prosecutes this direct appeal from his jury conviction in the district court on four counts of willful failure to file personal income tax returns for the years 1981-1984 in violation of 26 U.S.C. Sec. 7203. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Romp was found guilty by a jury. On appeal, he argues 1) he was not properly before the district court because the charges were never presented to the grand jury and because the information which caused the summons to issue was not supported by probable cause; 2) he was unconstitutionally denied assistance of counsel; and 3) he was not brought to trial within the time constraints of the Speedy Trial Act, 18 U.S.C. Sec. 3161, et seq.
 
 
 4
 Romp did not raise the issue of a violation of the Speedy Trial Act in the district court. Failure to raise the claim that an alleged delay constitutes a violation of the Speedy Trial Act bars the assertion of the issue on appeal. Fed.R.Crim.P. 12; United States v. Tercero, 640 F.2d 190 (9th Cir.1980), cert. denied, 449 U.S. 1084 (1981).
 
 
 5
 The district court did not err by not ordering the presentment of the charges to the grand jury. The charged offenses are misdemeanors, punishable by a term of imprisonment of one year or less. No presentment to the grand jury is therefore required. See United States v. Pandilidis, 524 F.2d 644 (6th Cir.), cert. denied, 424 U.S. 933 (1975). Romp was not unconstitutionally denied grand jury presentment for these offenses.
 
 
 6
 Romp was not denied a constitutional right by an arrest warrant unsupported by probable cause. The government concedes a technical violation of Fed.R.Crim.P. 9 because the arrest warrant was issued upon an information and was not supported by a verified affidavit or otherwise supported by probable cause. However, upon Romp's motion, a hearing was conducted before the magistrate to determine probable cause. We hold, therefore, that Romp received a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest. Gerstein v. Pugh, 420 U.S. 103, 114 (1975). Romp's contention that since the arrest warrant issued without a finding of probable cause, any subsequent proceeding against him is tainted and further prosecution is precluded, is without merit.
 
 
 7
 Romp was not denied assistance of counsel. The record reveals no abuse of the trial court's discretion in denying Romp's request for "lay counsel." The district court correctly analyzed Romp's request for "lay counsel;" United States v. Whitesel, 543 F.2d 1176 (6th Cir.1976); and we find no reversible error nor abuse of Romp's sixth amendment rights.
 
 
 8
 Accordingly, the district court's judgment of conviction is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jerome Turner, U.S. District Judge for the Western District of Tennessee, sitting by designation