898 F.2d 155
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Ray EVANS, Defendant-Appellant.
 No. 89-2052.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael Evans appeals his conviction and sentence for possession of a firearm by a felon under 18 U.S.C. Sec. 922(g)(1). Evans appeals the district court's denial of his motion to suppress evidence obtained when he admitted law enforcement agents into his house. Evans also argues that several reversible errors occurred during his trial and the district court incorrectly applied the sentencing guidelines.
 
 
 2
 On February 7, 1989, Alcohol, Tobacco and Firearm agents were advised that Michael Evans, a previously convicted felon, was in possession of firearms. Instead of obtaining a warrant, the agents went to Evans's residence. The agents knocked on the door and shouted that they were police officers. Evans asked what they wanted. The agents responded that Evans should open the door and they would explain. Evans opened the wooden interior door, and he again asked what the agents wanted, with the storm door still closed. The agents asked to be admitted inside. Evans admitted them. Once inside, the officers saw two shotguns and a rifle hanging on a gun rack on a living room wall. Evans contends that the agents sought to punish him for refusing, on the advice of his probation officer, to cooperate with them in an undercover drug operation.
 
 
 3
 Evans argues that the district court erred in denying his motion to suppress the three guns as evidence. Evans contends that the officers coerced or tricked him into admitting them into his house without stating why they wanted in, so they could find the guns.
 
 
 4
 We agree with the district court that Evans voluntarily admitted the agents into his home. The government bears the burden to establish that a defendant consented to a search. Florida v. Royer, 460 U.S. 491 (1983). Law enforcement officers may not obtain consent to a search through trickery or subterfuge. United States v. DiGiacomo, 579 F.2d 121 (10th Cir.1978). While Evans did not consent to a full-fledged search, he voluntarily admitted the agents to an area of his house from which the agents could see the guns in plain view. The mere fact that the agents identified themselves as police officers does not "convert the encounter into a seizure requiring some level of objective justification." Florida v. Royer, 460 U.S. at 497, citing, United States v. Mendenhall, 446 U.S. 544, 555 (1980).
 
 
 5
 Evans also argues that the district court erred in refusing to admit into evidence testimony by Evans's probation officer that the assistant United States attorney on the case had stated to her that Evans did not have the requisite intent to be guilty of possession of a firearm by a convicted felon. Ordinarily, this statement would have been admissible as an admission of a party opponent. Fed.R.Evid. 801(d)(2)(D). Statements by the attorney representing a party may be admitted under this rule. Williams v. Union Carbide Corp., 790 F.2d 552 (6th Cir.1986). However, as a matter of policy, this rule does not apply to a statement made by a government agent that the defense seeks to admit as substantive evidence in a criminal case. United States v. Pandilidas, 524 F.2d 644, 650 (6th Cir.1975), cert. denied, 424 U.S. 933 (1976). Thus, the district court properly excluded any alleged statement by the assistant United States attorney.
 
 
 6
 Evans also argues that the government improperly injected evidence of Evans's previous association with unsavory characters. Evans's attorney had cross-examined his probation officer to establish that she did not want Evans to cooperate with the police by selling drugs under cover. During this line of question, Evans's attorney asked, "This is one of your duties as a probation officer to try and insure that your clients stay away from former bad associates, isn't it?" On redirect examination, the assistant United States attorney asked, "[W]ould you say that it's common police practice to use one bad guy to catch another?" While this question is certainly of limited value, we decline to reverse on this issue. The jury knew that Evans was a previously convicted felon, as that was a proven element of the offense, so any further harm from this single question was insignificant. In addition, the defense counsel delayed in asking for a mistrial until the jury had been excused and the government announced its intention to rest its case. A prompt objection would have allowed the district court an opportunity to give a prompt curative instruction.
 
 
 7
 We also decline to reverse the conviction because of any alleged misconduct by the assistant United States attorney during closing argument. Although Evans contends that the assistant United States attorney improperly maligned the defense counsel, the assistant United States attorney did not act improperly by arguing that the defense attorney's arguments were irrelevant. The assistant United States attorney merely was pursuing the theory that mere possession of the guns while a convicted felon was enough to fulfill the elements of the crime. Evans also contends that the assistant United States attorney argued facts not in evidence by arguing that the agent decided on his own to make no further attempts to enlist Evans in an undercover operation. It is debatable whether this statement was a reasonable inference from the agent's testimony. However, Evans has presented no explanation of how he was prejudiced by this statement.
 
 
 8
 Finally, the district court did not err under the sentencing guidelines. First, the factual finding that Evans had failed to show that the guns were intended purely for recreational use was not clearly erroneous. Thus, the denial of a four point reduction under section 2K2.1(b)(2) of the sentencing guidelines was proper. Second, the district added two points under section 3C1.1 of the guidelines for obstruction of justice because Evans lied about how he came into possession of the guns. On this record, this was not legal error. Third, the district court properly included in Evans's criminal history his prior convictions for misrepresenting his age to obtain liquor at age 17 and for being a minor in possession of alcohol at age 18. Regarding the first offense, a juvenile offense may be counted if it resulted in a sentence within five years of the present offense. Guidelines Sec. 4A1.2(d), application note 7. At the time of the second offense, Evans was no longer a juvenile. Thus, the sentence was properly calculated.
 
 
 9
 The judgment of the district court is affirmed.