**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Esther Y. BOYD, Defendant–Appellant.**

**No. 99–10384**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2000

Filed June 2, 2000

---

John P. Balazs, Assistant Federal Defender, Sacramento, California, for the defendant-appellant.

Mark J. McKeon, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

Before: TASHIMA and GRABER, Circuit Judges, and KELLEHER,[1] Senior District Judge.

KELLEHER, District Judge:

Appellant Esther Boyd ("Boyd") appeals from the district court's order affirming the judgment of conviction and sentence imposed by the magistrate judge. In the magistrate judge's court, a jury returned a guilty verdict on two counts: 1) assault of a federal employee (18 U.S.C. § 111(a)(1) (1999)); and 2) entering a military base in violation of an order barring Boyd from the base (18 U.S.C. § 1382 (1999)). We, too, affirm the judgment holding that the issuance of a violation notice does not trigger the Speedy Trial Act and that there was sufficient evidence to support her conviction.

1. The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

## BACKGROUND

On the afternoon of October 14, 1997, Boyd drove with her daughter and granddaughter to McClellan Air Force Base ("McClellan") in California and requested entry. Initially, a disagreement arose between Boyd and a senior airman about the requirements necessary for entry on the base. The disagreement later escalated into a scuffle.

After the confrontation, the airman escorted Boyd to the Visitor Center, approximately twenty feet away, where she was detained briefly. While detained, Boyd was questioned and an identification check was done. After an hour, Boyd was given a violation notice alleging a violation of 18 U.S.C. § 111, resisting or impeding an officer or employee of the federal government. The violation notice ordered Boyd to appear at a date and time "To Be Notified." Upon receiving the notice, Boyd was released.

After the incident, the commander in charge of McClellan sent Boyd a letter barring her from the base for three years. Boyd's husband received and read the letter at their home, although Boyd contends that she never learned of the letter's existence or contents. Boyd entered the base at least eight times after the incident, apparently obtaining visitor passes without any problems. However, sometime after the letter was delivered, in late 1997 or early 1998, Boyd sought to reenter McClellan for medical reasons. Both parties agree that, on that date,[2] one of the airmen told Boyd that she had been barred from entering the base. Because she had been admitted to the base a number of times since the incident, Boyd did not believe the airman and concluded that "they're just trying to harass me again."

Four months after the scuffle, the government filed an information charging Boyd with a single misdemeanor count of assaulting a federal employee in violation of 18 U.S.C. § 111(a)(1). Boyd filed a motion to dismiss the information for a violation of the Speedy Trial Act, as well

as a motion to suppress certain evidence. The magistrate judge denied both motions.

The government later filed a two-count superseding information, and then a second superseding information, charging Boyd with assault on a federal employee in violation of 18 U.S.C. § 111(a)(1) and with entering a military installation in violation of an order barring her from the base in violation of 18 U.S.C. § 1382.

The magistrate judge had jurisdiction under 18 U.S.C. § 3401(a), and trial by jury began on September 8, 1998. Following the government's case in chief, the court denied Boyd's motion for judgment of acquittal. The jury eventually found Boyd guilty on both counts. Boyd was thereafter sentenced and timely filed a notice of appeal to the district court, who affirmed the judgment of conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## DISCUSSION

**A brief detention and the issuance of a "violation notice" do not trigger the Speedy Trial Act.**

We review de novo the district court's legal interpretation of the Speedy Trial Act. *See United States v. Hall,* 181 F.3d 1057, 1061 (9th Cir.1999). The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charge." 18 U.S.C. § 3161(b). "If, in the case of any individual against whom a complaint is filed charging such an individual with an offense, no ... information is filed within the time limit required by section 3161(b) ..., such charge against that individual contained in such complaint shall be dismissed or otherwise dropped...." 18 U.S.C. § 3162(a)(1).

---

**2.** The parties' disagreement as to the specific date is irrelevant to this appeal.

Boyd argues that the misdemeanor assault charge must be dismissed under the Speedy Trial Act because the government did not file an information against her within 30 days of her "arrest" at McClellan. The charge of assault on a federal employee is a class A misdemeanor because its maximum penalty is one year's imprisonment. *See* 18 U.S.C. § 3559(a)(6). The Speedy Trial Act applies to class A misdemeanors. *See id.* at § 3172(2). Boyd points out that the information was not filed until more than 100 days after the incident in which she was detained, given a "violation notice," and released. Boyd argues that, under these facts, she was "arrested," as required by § 3161(b), and therefore is subject to the Speedy Trial Act's protections. In response, the government contends that Boyd's detention was not the type of "formal arrest" that triggers application of § 3161(b)'s requirement that the information be filed within 30 days of arrest.

■ Boyd's argument depends on the definition of "arrest" as understood in § 3161(b), and "complaint" as understood under § 3162(a)(1). Because we hold that the issuance of a violation notice, even following a brief detention, cannot be considered a "complaint" issued at the time of "arrest," the government did not violate the Speedy Trial Act.

The question whether the issuance of a violation notice triggers the Speedy Trial Act is one of first impression in the Ninth Circuit. Both parties agree that *United States v. Candelaria,* 704 F.2d 1129, 1131 (9th Cir.1983), provides the proper framework for answering that question. In *Candelaria,* the defendant made a false bomb threat on a military base and immediately was arrested by military police. *See id.* at 1130. Candelaria was detained for a short time, but released within an hour because he was not a member of the military. He was advised orally that subsequent action would be taken by the

proper authorities. *See id.* Forty four days after the arrest by the military police, the government issued a one-count indictment against Candelaria. *See id.* Candelaria then challenged the timing of the indictment as a violation of the Speedy Trial Act.

In determining whether the Speedy Trial Act mandated dismissal, we analyzed both the plain words of the statute and the legislative history of the Act. We ruled that the Act had not been violated because § 3161(b)'s 30-day limitation applies only to persons who are arrested *and charged* or otherwise restrained. *See id.* at 1131 & n. 2. Because Candelaria had not been formally charged by the military police, the Act did not apply.

■ In arriving at our conclusion, we determined that §§ 3161(b) and 3162(a)(1) must be read together; to hold otherwise would provide a right without a remedy. *See id.* at 1131; *see also United States v. Antonio,* 705 F.2d 1483, 1485 n. 1 (9th Cir.1983) (construing *Candelaria*). As a result, we apply the dismissal sanction of § 3162(a)(1) only when a suspect is formally charged[3] at the time of, or immediately following, arrest, or when a suspect is subject to some continuing restraint on liberty imposed in connection with the charge on which the subject is eventually tried. *See United States v. Gonzalez-Sandoval,* 894 F.2d 1043, 1049 (9th Cir.1990); *Candelaria,* 704 F.2d at 1131.

Only the Sixth Circuit has analyzed a violation notice's relation to the Speedy Trial Act. In *United States v. Graef,* 31 F.3d 362 (6th Cir.1994), the Sixth Circuit concluded that a violation notice does not trigger the Speedy Trial Act. In *Graef,* the defendant had entered Selfridge Air National Guard Base illegally by crashing through the security fence while drunk. *See id.* at 363. He was put into a cell and held overnight. In the morning, Graef was released and given a violation notice.

---

**3.** Although all our cases use the term "formal charges" this term signifies nothing more than "complaint."

*See id.* Although he was convicted of drunk driving under state law, he was tried in federal court because the conduct occurred on a federal enclave. *See id.* At trial, the defendant asserted a violation of the Speedy Trial Act because there was a 180–day delay between his arrest and the filing of the information. Like in Boyd's case, the court considered whether the detention and issuance of the violation notice constituted an "arrest" in connection with the offense charged in the information. *See id.*

As we concluded in *Candelaria,* the Sixth Circuit determined that § 3161 provides no remedy for a delay longer than thirty days between a "complaintless" arrest and the filing of an indictment or information. Consequently, it concluded that the arrest "trigger" for § 3161(b) applies only to arrests made either directly on a complaint or followed immediately by a complaint. *See id.* at 364; *see also United States v. Mills,* 964 F.2d 1186, 1189 (D.C.Cir.1992) ("The remedial provision of the Speedy Trial Act also suggests that the Act is triggered only by arrests that are accompanied by the filing of a federal complaint against the defendant."). The Sixth Circuit held that, because no complaint was ever filed against the defendant, there was no "arrest" to trigger the 30–day clock. *See Graef,* 31 F.3d at 364.

Boyd argues that she *was* formally charged as required under § 3161(b), because she was issued a violation notice that set forth the offense charged, the statute violated, and a sworn statement of probable cause by a law enforcement officer. Boyd further argues that, although § 3162(a)(1) ostensibly applies only to dismissal of the charges contained in a "complaint," Congress did not intend to limit the Speedy Trial Act's sanction to complaints. She points out that, at the time Congress enacted the Speedy Trial Act in 1974, trials for both felonies and misdemeanors alike had to be initiated by a complaint or information; subsequent Advisory Committee Notes, however, indicate that now a certain subset of misdemeanors[4] may be prosecuted by a violation notice. *Compare* Rule 2(a) of the Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates, eff. Jan. 27, 1971;[5] and *United States v. Rojo,* 727 F.2d 1415, 1416–17 (9th Cir.1983) *with* Advisory Committee Note to the 1980 Rules for the Trials of Misdemeanors before United States Magistrates.[6] Consequently, Boyd argues that, for purposes of §§ 3161(b) and 3162(a)(1), her violation notice triggered the Speedy Trial Act's 30–day limitation. She therefore contends that the charges against her should be dismissed.

■ We reject Boyd's argument, and we agree with the Sixth Circuit that a complaint must be issued at the time of arrest in order to trigger the 30–day limitation. We further specifically hold that a violation notice will *not* be equated with a complaint to begin the Speedy Trial Act's clock. It is one thing to interpret § 3161(b) to require formal charges (i.e., a complaint) to ensure that a remedy always corresponds to a right. But it is quite another thing to hold that the definition of complaint includes violation notices. Such a reading contorts the clear words of the statute.

The plain wording of § 3162(a)(1) provides a remedy only to an individual against whom a *complaint* has been filed. *See* 18 U.S.C. § 3162(a)(1) ("If, in the case

---

4. Violations of §§ 3161(b) and 3162(a)(1) are not misdemeanors that may be prosecuted using only a violation notice.

5. The Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates were replaced in 1980 by the Rules for the Trials of Misdemeanors Before United States Magistrates.

6. The 1980 Rules for the Trial of Misdemeanors Before United States Magistrates were the precursors to the current Fed.R.Crim.P. 58. Rule 58 was intended to be "largely a restatement of the Rules for the Trial of Misdemeanors.... A number of technical changes [were] made ... [but] unless otherwise noted, no substantive changes were intended...." Advisory Committee Notes 1990 Addition.

of any individual against whom a *complaint* is filed ..., no ... information is filed within the time limit required by section 3161(b) ... such charge against that individual contained in *such complaint* shall be dismissed or otherwise dropped ....") (emphasis added). No court has ever held that a violation notice can be equated with a complaint for Speedy Trial Act purposes.

Further, contrary to Boyd's argument regarding a 1980 Advisory Committee Note, a violation notice and a complaint are not readily interchangeable. A violation notice may be substituted for a complaint only for the most minor of offenses. The government may proceed with a case based on a violation notice if the case involves only a petty offense. *See* Fed. R.Crim.P. 58(b)(1) ("The trial of a misdemeanor may proceed on an indictment, information, or complaint or, in the case of a petty offense, on a citation or violation notice."). Congress determined that accusations of any offenses greater than petty offenses need the heightened accountability afforded by the procedures used to obtain an indictment, information, or complaint.

Vastly different levels of judicial scrutiny apply to complaints and violation notices, respectively. An action based on an indictment, information or complaint guarantees that the charges receive initial attention from a neutral magistrate. By contrast, a violation notice is completed by a law enforcement officer alone, without the oversight of a magistrate. Because one of Boyd's charges is not a petty offense, the government had to go through the proper procedures for prosecuting under an information. If the government is not allowed to proceed to trial on the basis of a violation notice in a case such as Boyd's, it should not still be held to a 30–day clock based on that same violation notice.

One court has aptly summarized the difference between the circumstances surrounding the issuance of a violation notice and the circumstances intended to trigger the Speedy Trial Act:

> Law enforcement officers frequently make arrests upon the basis of their non-judicial opinion that a defendant has committed a crime. The Speedy Trial Act, however, makes it clear that an arrest which is based upon the mere opinion of an enforcement officer is not sufficient to bring the Speedy Trial Act's arrest-indictment interval into play. It is only when a charge is leveled against a defendant based upon a finding of probable cause by a judicial officer that the time limitation of section 3161(b) is relevant.

*United States v. Padro,* 508 F.Supp. 184, 185 (D.Del.1981).

In addition, we are well aware of the adverse consequences that would result if a violation notice could trigger the Speedy Trial Act. To hold that a violation notice triggers the Speedy Trial Act's time clock would create a substantial and undue burden on the government. The government would have to file a panoply of "preemptive" informations or indictments, which would be subsequently dismissed, simply to ensure that the few violation notices that it later wanted to prosecute did not violate the Act.

Accordingly, we hold that the issuance of a violation notice does not trigger the Speedy Trial Act.

**The government presented sufficient evidence to support Boyd's conviction for re-entering a military base after being notified that she was barred from entry.**

 Improper entrance onto a military base is a Class B misdemeanor, to which the Speedy Trial Act does not apply. *See* 18 U.S.C. § 3172(2). Consequently, Boyd does not argue that the Act's 30–day provision forecloses a conviction on this second count. Rather, Boyd challenges the sufficiency of the evidence used to convict her of this charge. We review de novo whether there was sufficient evidence to convict Boyd of entering a military base

after being notified that she was barred from entry. *See United States v. Tucker,* 133 F.3d 1208, 1214 (9th Cir.1998). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Symington,* 195 F.3d 1080 (9th Cir.1999).

■ We conclude that, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Boyd violated the essential elements of 18 U.S.C. § 1382. To prove a violation of § 1382, the government must show: "(1) reentry of a ... [military installation] by the accused (2) after having been removed or ordered not to reenter (3) by the commanding officer or person in charge thereof." *United States v. Douglass,* 579 F.2d 545, 547 (9th Cir.1978).[7]

The parties stipulated at trial that the base commander had sent the barment letter. Boyd admitted that at least one guard informed her that she was barred. Boyd also conceded that her husband received the barment letter. And both parties agreed that she entered the base after the letter was sent. A rational juror could have concluded that the government submitted sufficient evidence to justify a conviction of reentering the base after being barred under § 1382.

AFFIRMED.

---

**7.** Section 1382 states that "[w]hoever reenters or is found within any ... [military] installation, after having been removed therefrom or ordered not to reenter by any officer or person in command or charge thereof—[s]hall be fined under this title or imprisoned not more than six months, or both." 18 U.S.C. § 1382.