**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0170n.06
Filed: March 1, 2007

Case No. 05-5037

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| LEON COMBS, | ) | **DISTRICT OF KENTUCKY** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

**BEFORE: BATCHELDER and GRIFFIN, Circuit Judges; PHILLIPS[*], District Judge.**

**THOMAS W. PHILLIPS, District Judge.** Defendant Leon Combs appeals his two firearm convictions for violating 18 U.S.C. § 924(c). He appeals his convictions on two grounds: first, that the evidence was insufficient to convict him of the charges, and second, that there was a prejudicial variance between the evidence and the offense as charged in the second count of the indictment. Because defendant's arguments lack merit, we affirm defendant's conviction on both firearm charges.

**I. Background**

---

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

The defendant was convicted by a jury in 2001 on two drug and two firearms charges. On direct appeal, this court affirmed the conviction as to the drug charges, but remanded the case as to the two firearm charges – one because the indictment was insufficient to charge him with a criminal offense and the other because the indictment had been impermissibly amended. Those two counts were remanded to the district court for further proceedings. *United States v. Combs,* 369 F.3d 925 (6th Cir. 2004).

Following this court's opinion, the defendant was re-indicted on the firearms charges. Count 1 of that indictment charged that on January 22, 2001, the defendant used or carried a .22 caliber pistol during and in relation to a drug trafficking crime for which he was prosecuted in a court of the United States. Count 2 of the indictment charged that on January 22, 2001, defendant possessed three firearms in furtherance of a drug trafficking crime for which he was prosecuted in a court of the United States. The defendant, who opted for a bench trial, was found guilty on those charges and was sentenced on December 27, 2004. On the same day, the district court, pursuant to this court's remand order, dismissed the two firearms charges contained in the original indictment.

The defendant now appeals his second conviction on the two firearm charges.

## II. Analysis

A.     Substantial Evidence Supports Defendant's 18 U.S.C. § 924(c) Conviction under Count 1 of the Indictment.

Defendant first argues that the evidence presented at trial was insufficient to support a conviction under 18 U.S.C. § 924(c) as charged in Count 1 of the indictment. When reviewing for the sufficiency of evidence in support of a verdict, this court views the evidence in the light most favorable to the prosecution and gives the prosecution the benefit of all reasonable inferences from the testimony. *United States v. Abboud,* 438 F.3d 554, 589 (6th Cir. 2006). The question the court must ask is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Evans,* 883 F.2d 496, 501 (6th Cir. 1989) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In order to convict a defendant under § 924(c)'s "use or carry" prong, the government must show that the defendant "used" or "carried" a firearm "during and in relation" to a violent or drug crime. *Bailey v. United States,* 516 U.S. 137, 142-43 (1995). The proof at trial showed that during the search of defendant's residence on January 22, 2001, officers observed defendant dropping an object down the front of his pants. Upon searching him, officers found that he was carrying a loaded .22 caliber pistol and many Oxycontin and Dilaudid pills.

Defendant does not dispute that the pistol was found on his person, but contends that his possession of it was coincidental and not in relation to a drug trafficking crime. The district judge took judicial notice that defendant had been convicted of a drug trafficking offense – distributing Oxycontin and Dilaudid pills on January 22, 2001. That conviction was upheld by this court. *Combs,* 369 F.3d at 937. The drugs were found on defendant's person at the time of his arrest. The

3

loaded pistol was found in a pocket of his jacket.

Mere possession of a firearm during the course of criminal activity will not support a conviction under § 924(c). *United States v. Layne,* 192 F.3d 556, 571 (6th Cir. 1999). In order to establish the connection, "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States,* 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993). The weapon must at least facilitate or have the potential of facilitating the drug trafficking offense. *Id.* (quoting *United States v. Stewart,* 779 F.2d 538, 539 (9th Cir. 1985)). *See also, United States v. Warwick,* 167 F.3d 965, 971 (6th Cir. 1999). In making this determination, we look not just at the defendant's specific intentions at the time but also at the "totality of the circumstances surrounding the commission of the crime; the emboldened sallying forth, the execution of the transaction, the escape, and the likely response to contingencies that might have arisen during the commission of the crime." *Warwick*, 167 F.3d at 971 (quoting *United States v. Brown,* 915 F.2d 219, 226 (6th Cir. 1990)).

A firearm is carried "during and in relation to" a drug trafficking crime if it "furthered the purpose or effect of the crime and its presence or involvement was not the result of coincidence." *Combs,* 369 F.3d at 933. The evidence presented at trial showed that when the officers pulled into defendant's residence to execute the search warrant, defendant was getting out of his car. The officers observed defendant stuffing drugs down his trousers and he put his hand on the pistol in his pocket as the officers approached him. Dan Smoot, a narcotics officer with the Kentucky State

4

Police, testifying as the government's expert, testified that a concealed weapon indicates to officers that it is possessed for one of two purposes, one being as a scare tactic to keep from being robbed, or to use in case of an actual robbery. We have held that "law enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes." *Id.* at 940. A conviction under § 924(c)(1) will withstand appellate review if the evidence is sufficient to support a finding that the defendant intended to have the firearm available for use during or immediately following the transaction, or if it facilitated the crime by emboldening the defendant. *Warwick,* 167 F.3d at 971.

Our review of the record indicates that the evidence was sufficient for the trial court to find that defendant carried the pistol in order to facilitate the drug sales so as to support his conviction under § 924(c) as to Count 1. The government presented evidence that when defendant was apprehended by the officers, he reached into his pocket in an attempt to access the pistol he was carrying. Defendant's action suggests that he was prepared to use the pistol in an effort to evade arrest. *See, e.g., United States v. Wilson,* 884 F.2d 174, 177 (5th Cir. 1989) (quoted with approval in *Warwick,* 167 F.3d at 973)(holding that evidence was sufficient to show that the defendant's pistol was carried "in relation to" drug trafficking where, among other things, defendant reached for his pistol when the police approached).

We believe that, viewed in the light most favorable to the prosecution, this evidence was sufficient to support a finding that defendant carried the pistol "in relation to" drug trafficking as

charged in Count 1. The government presented sufficient evidence for a rational trier of fact to conclude that defendant carried the pistol, at least in part, to facilitate the drug sales. At the very least, the evidence indicates that the pistol had the potential of facilitating defendant's drug trafficking offense. Accordingly, we affirm defendant's § 924(c) conviction on Count 1.

B.      There Was No Prejudicial Variance Between the Evidence and the
        Offense as Charged in Count 2 of the Indictment.

Count 2 alleged that defendant "possessed three firearms in furtherance of a drug trafficking crime for which he *was* prosecuted in a court of the United States." This count arises from an incident in late 2000 or early 2001 when Josh Miller traded three of his father's rifles to defendant for drugs. Miller told the police about these and other trades of guns for drugs and said that many of these transactions took place at defendant's residence. After learning about the trades, the officers obtained a warrant to search defendant's residence. During the search, the officers recovered the guns that Miller testified he had traded for drugs. The officers also recovered 16 Oxycontin pills and 80 Dilaudid pills.

Defendant states that since he was not prosecuted for the underlying drug trades with Josh Miller, there is no predicate offense for the possession charge. However, the proof at trial was that the drug trafficking crime referred to in Count 2 was the possession with intent to distribute the Oxycontin and Dilaudid pills recovered during the search of defendant's residence on January 22, 2001. Although the indictment should have alleged that the predicate drug trafficking offense was

6

one "for which defendant *may* be prosecuted in a court of the United States," this error in the indictment was harmless, as it was not essential to the proof necessary to convict the defendant of the firearm offense.

As stated in *Combs,* 369 F.3d at 935, this court recognizes two forms of modification to indictments: amendments and variances. Amendments occur "when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed on them." *United States v. Ford,* 872 F.2d 1231, 1235 (6th Cir. 1989) (citations omitted). Amendments are considered prejudicial *per se*, warranting reversal of a conviction, because they "directly infringe upon the Fifth Amendment guarantee" to hold a defendant answerable only for those charges levied by a grand jury. *Id.* Variances occur "when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment" and are not reversible error unless the defendant can prove it prejudiced his defense. *Id. See also, United States v. Hathaway,* 798 F.2d 902, 910-11 (6th Cir. 1986) (citations omitted). Between these distinctions lies a more subtle modification to the indictment, a constructive amendment. Constructive amendments are variances occurring when an indictment's terms are effectively altered by the presentation of evidence that "so modify essential elements of the offense charged that there is a substantial likelihood the defendant was convicted of an offense other than that charged in the indictment." *Combs,* 369 F.3d at 936; *Hathaway,* 798 F.2d at 910. *See also, United States v. Beeler,* 587 F.2d 340 (6th Cir. 1978). Applying these precepts to defendant's case, we conclude that a variance occurred that resulted in no prejudice to defendant.

The rules governing the content of indictments, variances and amendments are designed to protect three important rights: the right under the Sixth Amendment to fair notice of the criminal charge one will be required to meet, the right under the Fifth Amendment not to be placed twice in jeopardy for the same offense, and the right granted by the Fifth Amendment, and sometimes by statute, not to be held to answer for certain crimes except upon a presentment or indictment returned by a grand jury. *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8L.Ed.2d 240 (1962); *United States v. Paudilidis,* 524 F.2d 644, 648 (6th Cir. 1975). The rule preventing the amendment of an indictment should be applied in a way that will preserve these rights from invasion; where these rights are not threatened, rules governing indictments should not be applied in such a way as to defeat justice fairly administered. *Id.*

In this case, the first two of these interests were in no way infringed by the variance to the indictment. The defendant's right to notice and fair opportunity to defend was not infringed, since he had knowledge of the variance well in advance of trial; neither was his freedom from double jeopardy infringed since the record was sufficiently detailed to protect him against a subsequent prosecution for the same offense. Thus, defendant's argument must stand or fall on the third interest protected by the amendment procedure – the constitutional right not to be held to answer for certain crimes except upon a presentment or indictment. *Pandilidis,* 524 F.2d at 648-49. If we find constitutional error, we would have to determine whether the interest protected was so substantial that it could not be disregarded even if the error were "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). However, since the

8

error permitting a variance to the indictment in this case did not reach constitutional dimensions, the appropriateness of reversal must be determined under Rule 52(a) Fed.R.Crim.P., which provides: "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

In this case, the defendant has failed to identify any substantial rights affected by the variance. It is apparent from the record that the defendant, at all times knew that he had not been prosecuted for possession of the 16 Oxycontin and 80 Dilaudid pills recovered from his residence on January 22, 2001, but the statute does not require that defendant be prosecuted for the underlying offenses. Section 924(c)(1)(A) provides that "any person who ... in furtherance of a drug trafficking crime for which the person *may* be prosecuted in a court of the United States, possesses a firearm, shall be guilty of an offense in violation of the law of the United States." The evidence of the defendant's guilt presented by the government was convincing beyond a reasonable doubt. Under these circumstances, we fail to see how prejudice could be identified. The error, therefore, did not affect any of the defendant's substantial rights and does not require reversal under Rule 52(a) Fed.R.Crim.P.

C.     Substantial Evidence Supports Defendant's § 924(c) Conviction under Count 2 of the Indictment

To prove defendant guilty of Count 2, the government had to show that on or about January 22, 2001, defendant knowingly possessed at least one of the specified firearms; that he did so in furtherance of the drug trafficking crime of distribution of Oxycontin/Dilaudid; and that defendant

9

committed the drug trafficking crime of distribution of Oxycontin/Dilaudid, Schedule II controlled substances.

Josh Miller testified at trial that he traded the firearms identified in Count 2 to defendant for Oxycontin sometime in late 2000, early 2001. The guns were recovered from defendant's residence during the search on January 22, 2001. Miller's testimony that defendant did not trade the drugs until he had the firearms in his possession, establishes that the firearms promoted the commission of the underlying drug trafficking offense. If it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then such firearms are used "during and in relation to" a drug trafficking crime. *United States v. Mackey,* 265 F.3d 457, 461 (6th Cir. 2001). As found by the district judge, "the drug trafficking crime would not have occurred in this instance without the firearms." Therefore, there is substantial evidence in the record to support defendant's conviction on Count 2 that he possessed the firearms in furtherance of a drug trafficking crime.

> D.   Defendant's Second Trial Was Not Barred by Double Jeopardy, the
>       Mandate in His Prior Appeal or Lack of Jurisdiction

Although defendant makes these claims in his brief, he does so in a perfunctory manner without any development. Thus, these issues are deemed waived. *See United States v. Reed,* 167 F.3d 984, 993 (6th Cir. 1999), quoting *United States v. Zannino,* 895 F.2d 1, 17 (1st Circuit 1990)

(noting the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived).

### III. Conclusion

Because there was substantial evidence to support defendant's convictions on both firearm charges, we affirm the decision of the district court.