NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0675n.06

No. 11-5196

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 25, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| HERBERT S. MONCIER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:     **BOGGS and COLE, Circuit Judges, and OLIVER, District Judge**[*]

**BOGGS, Circuit Judge**.  This is Herbert Moncier's  second appeal for his contemptuous conduct before United States District Judge Ronnie Greer in 2007.  On his last appeal, this court reversed his conviction solely because Federal Rule of Criminal Procedure 42(a)(3) required Judge Greer to disqualify himself from presiding over Moncier's trial, because Moncier's actions involved disrespect toward Judge Greer.  *United States v. Moncier*, 571 F.3d 593, 594 (6th Cir. 2009).  But for Judge Greer's decision not to recuse, we would have affirmed the conviction in all respects.  *Id.* at 599-600.   Instead, we vacated the conviction, and ordered that Moncier be retried before a different district court judge.  *Id.* at 600.  Following remand, United States District Judge Samuel H. Mays of the Western District of Tennessee conducted a bench trial and found Moncier guilty of

---

[*]The Honorable Solomon Oliver, Jr., United States District Chief Judge for the Northern District of Ohio, sitting by designation.

criminal contempt under 18 U.S.C. § 401(1) and (3).  Moncier was fined $3,000.  The district court also denied Moncier's motion for a new trial.

On appeal, Moncier raises seven arguments: (1) his Fifth Amendment right against double jeopardy was violated; (2) his Fifth Amendment rights to grand jury review and grand jury indictments were violated; (3) his Sixth Amendment right to a jury trial was violated; (4) he was denied his right to present a complete defense; (5) the evidence was insufficient to support his conviction; (6) the district court incorrectly applied the law; and (7) the Speedy Trial Act was violated.  All of these arguments have either been rejected by this court previously, or are without merit.  Moncier's conviction and sentence are affirmed.

# I

We adopt the statement of facts from the district court's thorough and comprehensive findings of fact.  Moncier asserts that he is being tried twice for the same offense.  He claims his earlier disciplinary proceeding—which is the subject of another case[1] —constituted the earlier criminal proceeding.  However, "a disciplinary proceeding is not a criminal proceeding, nor is attorney discipline equivalent to criminal punishment."  *In re Moncier*, 550 F. Supp. 2d 768, 781 (E.D. Tenn. 2008), *aff'd*, 329 F. App'x 636 (6th Cir. 2009);[2] accord *In re Caranchini*, 160 F.3d 420,

---

[1] Moncier's other appeal, *In re: Moncier*, was decided on June 18, 2012.  This was an appeal from orders that limit Moncier's ability to represent other clients or file non-pro se pleadings in the United States District Court for the Eastern District of Tennessee.  This court upheld the district court's orders.  2012 WL 2301647.

[2] This court did not directly address Moncier's double jeopardy on this appeal.

423 (8th Cir. 1998) ("Although disbarment may be considered punishment 'in common parlance,' . . . attorney discipline, including sanctions and disbarment, is not 'punishment' for purposes of the double jeopardy clause."); see also *In re Jaffe*, 585 F.3d 118, 121 (2d Cir. 2009) ("[s]ince attorney disciplinary proceedings are primarily remedial, the double jeopardy clause of the Fifth Amendment does not apply").

Moncier argues that the disciplinary proceeding was "quasi-criminal," quoting *In re Ruffalo*, 390 U.S. 544, 551(1968) (citing *In re Gault*, 387 U.S. 1, 33 (1967)). However, he ignores the fact that this court affirmed a district court opinion *in his very case* holding that his disciplinary proceeding is *not* a criminal proceeding. As Judge Collier explained:

> According to [defendant], double jeopardy prevents an attorney from being both convicted of a criminal offense and disciplined by a federal court in its maintenance of the ethical and professional standards of the members of its bar. If that were true, an attorney convicted of fraud, murder, treason, or any other criminal offense would be protected by double jeopardy from being disbarred for that underlying conduct. The federal court, in turn, might shield such an attorney from being criminally convicted if it disbarred the attorney based upon the same conduct which would support a criminal conviction.

*In re Moncier*, 550 F. Supp. 2d 768, 781 (E.D. Tenn. 2008), *aff'd*, 329 F. App'x 636 (6th Cir. 2009). Moncier's conviction did not violate his right against double jeopardy.

## II

Moncier argues that because his retrial did not commence within seventy days of this court's mandate, there was a violation of the Speedy Trial Act. In reviewing the denial of a motion to dismiss based on an alleged violation of the Speedy Trial Act, this court reviews "the district court's

interpretation of the Speedy Trial Act de novo and its factual findings for clear error." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009).

The Speedy Trial Act does not apply to Moncier's case. The Speedy Trial Act, by its very terms, only applies to "defendant[s] charged in an information or indictment with the commission of an offense," 18 U.S.C. § 3161(c)(1), and the definition of "offense" in 18 U.S.C. § 3172(2) specifically excludes Class B and C misdemeanors. 18 U.S.C. §§ 3161(c)(1), 3172(2). As the district court noted in its May 10, 2010 order in response to Moncier's motion asserting a violation of the Speedy Trial Act:

> This Court has stated on the record that, should the Court convict Moncier, he will face a sentence of no more than six months' incarceration. A crime for which a defendant faces a sentence of six months or less is a class B misdemeanor. See 18 U.S.C. § 3581(b)(7). Therefore, because Moncier is not charged with an "offense" as that term is defined by the Speedy Trial Act, the Act's protections do not apply.

Class B misdemeanors are excluded from the Speedy Trial Act. *United States v. Sued-Jimenez*, 275 F.3d 1, 8-9 (1st Cir. 2001) ("Class B and C misdemeanors are explicitly excluded from the [Speedy Trial] Act's coverage. . . . [A] policy-based argument that the Speedy Trial Act should apply to [this] case, despite the clear language of the Act, must fail . . . ."); *United States v. Boyd*, 214 F.3d 1052, 1057 (9th Cir. 2000) (reiterating that the Speedy Trial Act does not apply to Class B misdemeanors). There was no violation of the Speedy Trial Act.

## III

Moncier argues that he was not allowed to present a complete defense. This argument encompasses Moncier's challenge that he was denied his right to a jury trial.

On Moncier's last appeal, this court held that the trial following remand—before a different district court judge—"should be unencumbered by any of the arguments in Mr. Moncier's brief to this court. We have considered all of those arguments, and with the sole exception of the one made under Rule 42(a)(3), we reject all of them on the merits." *Moncier*, 571 F.3d at 600. That is the law of the case. Arguments concerning his right to a jury trial have already been raised to this court and rejected. There was no error in denying Moncier the ability to relitigate issues already foreclosed by this court's previous opinion.

## IV

Moncier asserts that his Fifth Amendment right to a grand jury indictment was violated. The Fifth Amendment's requirement of presentment to and indictment by a grand jury applies only to capital or otherwise "infamous" crimes, *i.e.*, offenses punishable by incarceration in a penitentiary. *United States v. Pandilidis*, 524 F.2d 644, 649 n.7 (6th Cir. 1975). As discussed previously, the district court made it clear that the defendant would not receive a sentence in excess of six months of imprisonment. Such a Class B misdemeanor is a "petty" offense, 18 U.S.C. § 19, that does not entitle Moncier to a grand-jury indictment.

## V

Moncier argues that the evidence at trial was insufficient to support his conviction. Our review of this issue is limited to determining whether any rational finder of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As this court noted previously based on the same underlying facts, albeit in a different record:

> Mr. Moncier indisputably misbehaved at the November 17, 2006 hearing, and that misbehavior obstructed the court's efforts not only to proceed generally with Mr. Vassar's sentencing, but also specifically to ask Mr. Vassar whether he wished to retain Mr. Moncier as counsel. And there is no doubt that Mr. Moncier's obstruction was intentional. Mr. Moncier essentially admits as much, but contends he had good reason for the obstruction—namely, as he testified at trial and now argues to this court, that he had an *ethical duty* to obstruct Judge Greer's questioning of his client. That contention is beside the point, however, for purposes of determining whether the record supports his conviction. It plainly did.

*Moncier*, 571 F.3d at 598. Based on the trial record before Judge Mays, we find that Moncier's conviction was supported by sufficient evidence.

**VI**

All of Moncier's arguments were previously rejected by this court, or are without merit.

The conviction and sentence are AFFIRMED.